IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JASMINE TAYLOR, on behalf of herself and a class, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SCREENING REPORTS, INC., | ) ) |
| Defendant. | ) |

**COMPLAINT – CLASS ACTION**

1.     Plaintiff Jasmine Taylor brings this action against Screening Reports, Inc., a supplier of specialized consumer reports (credit reports) to landlords, to secure redress for improper information on her consumer report and reckless and irresponsible reporting procedures.  Plaintiff alleges violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. §1681p .

3.     Venue in this District is proper because defendant is located in this District.

**PARTIES**

4.     Plaintiff, Jasmine Taylor, is a resident of Cook County, Illinois.

5.     Defendant Screening Reports, Inc., is an Illinois corporation with offices at 220 Gerry Dr., Wood Dale, IL 60191.

6.     Defendant Screening Reports, Inc., describes its business as follows on its web site, http://www.screeningreports.com/index.cfm: "Screening Reports is your single-source provider of comprehensive, accurate, and cost-effective rental background search services designed exclusively for the multi-family housing industry."

7.     The same web site further states, http://www.screeningreports.com/about.cfm,

1

"Welcome to Screening Reports Inc., a national provider of background screening service to the multi-family housing industry. Our product line offers screening products for affordable, conventional, and student housing properties. [P] Background screening services consist of previous rental verification and employment verification, consumer credit reports, landlord tenant eviction reports, criminal reports, sex offender reports and OFAC search. This information is used to determine eligibility for apartment residency by landlords and management companies."

  8. Defendant furnishes its reports for monetary compensation.

  9. Defendant is a consumer reporting agency as defined in the FCRA.

  10. Defendant describes the reports it furnishes as follows:

> **Our Services**
>
> At Screening Reports Our Difference Is Key
>
> Screening Reports is your single-source provider of accurate, cost-effective and comprehensive rental background searches. Applicant screening and selection is one of the most important responsibilities property owners and managers face on a daily basis. Make sure you're getting the most complete, in-depth and up-to-date information available in the marketplace today.
>
> We work directly with you to design an optimal screening program based on your specific needs, time frame and criteria. Both our customized applicant scoring and multi-family screening models allow you to consistently identify qualified applicants by using any or all of the following screening criteria:
>
> **National Credit Report**
>
> Including Credit Risk Score and Screening Summary
>
> **Criminal Record Investigation**
>
> National Sex Offender Registry, Instant Statewide Criminal Reports, OFAC Terror Search, and Multi-County Criminal Reports researched by SRI's own investigators in-person at county courthouses
>
> **Crime Alert Service**
>
> Notification when a resident is arrested for a felony or misdemeanor including: driving offenses, in-process files, noise complaints, possession of a controlled substance, MFG/DEL controlled substance and deceptive practice
>
> **Court Eviction Report**
>
> Including eviction filings and eviction judgments
>
> **Social Security Search**
>
> Including year of issue, additional aliases (AKA's) and addresses
>
> **Employment Verification**
>
> Including start and end dates, salary history and title check for current and previous employment
>
> **Rental History Verification**
>
> Including previous rental information, move in and move out dates, monthly rent, rental payment timeliness, damages and complaints

(http://www.screeningreports.com/service.cfm)

      11.    Defendant touts the accuracy of its eviction information and claims to actually examine the court records:

> **Eviction Record Investigations**
>
> Unlock critical information regarding an applicant's previous rental performance. Not available in

3

> standard Equifax, Experian, and TransUnion credit reports; court eviction reports may be a useful predictor of an applicant's future rental outcome. For example, a record of past court actions, not limited to evictions, against an applicant, may suggest a higher level of risk that the applicant may not satisfactorily fulfill his/her lease obligations.
>
> Our detailed information, taken directly from the court record includes:
>
> Defendant Name and Address
>
> Case Type, Date and Number
>
> Case Status, Claim Amount and/or Judgment
>
> Plaintiff/Petitioner Name and Telephone Number
>
> Court/County
>
> Our court eviction reports are supported by leading edge technology and unsurpassed customer service. Whether you choose a customized applicant scoring model, designed with your specific guidelines in mind, or an accredited multi-family risk model, our reports allow you to analyze eviction records and provide clear accept/decline guidelines based on your established criteria. This ensures consistent decision making, improves Fair Housing compliance, and relieves your staff from having to interpret criminal reports and other subjective data.

(http://www.screeningreports.com/service-eviction.cfm)

## **FACTS**

12.     Plaintiff resided at 7750 S. Saginaw, Chicago, Illinois with her grandparents from her birth until she was 23 years old.

13.     At no time has plaintiff had any ownership interest in the property at 7750 S. Saginaw, Chicago, Illinois.

14.     At no time has plaintiff violated or been alleged to have violated any obligation under any lease relating to the property at 7750 S. Saginaw, Chicago, Illinois.

15.     Years after plaintiff left the address, Bank of America foreclosed a mortgage on the property at 7750 S. Saginaw, Chicago, Illinois.

16.     In 2012, Bank of America filed an eviction proceeding against the residents of 7750 S. Saginaw, Chicago, Illinois.

17.     Plaintiff was named in the eviction proceeding.

18.     Plaintiff neither resided in the property nor had any obligation to pay rent or other money relating to the property.

19. On information and belief, based on statements by the attorney for Bank of America, plaintiff was named in the eviction proceeding because she once lived there.

20. The eviction file was sealed in order to protect plaintiff.

21. Before the eviction file was sealed, its existence was reported on plaintiff's consumer report by Screening Reports, Inc.

22. Because of the large number of foreclosures in recent years, it is quite common for someone to be named in an eviction proceeding even though they have not violated any obligation under a lease.

23. Defendant knows this fact.

24. In 2013, plaintiff sought to rent an apartment from Bogs Management, Inc.

25. Bogs Management, Inc., obtained a consumer report on plaintiff from Screening Reports, Inc.

26. The report (pertinent portions attached as <u>Exhibit A</u>) stated that plaintiff had been the subject of an eviction action brought by "Bank America Natio/ LaSalle Bank Nat" with reference to the property at 7750 S. Saginaw Ave., and gave a date of 12/20/2012 and a case number, 12-M1-731655.

27. The report also listed 7750 S. Saginaw as an address associated with plaintiff, without providing any dates.

28. As a result of this report, plaintiff was unable to rent an apartment.

29. Plaintiff suffered embarrassment and humiliation.

30. Plaintiff also suffered economic injury as a result of being unable to rent the apartment she desired and expenditure of time and money looking for an apartment and dealing with defendant's false report.

## COUNT I – FAIR CREDIT REPORTING ACT

31. Plaintiff incorporates paragraphs 1-30.

32. Under the FCRA, 15 U.S.C. §1681e, defendant is required to "follow reasonable

procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

33. Preparing a report referring to an eviction without recording the fact that plaintiff was not alleged to have defaulted on any obligation under a lease does not comply with the standard of "maximum possible accuracy," particularly when the stated purpose of obtaining the information is that it "suggest[s] a higher level of risk that the applicant may not satisfactorily fulfill his/her lease obligations."

34. The fact that some other person defaulted on a note and mortgage does not "suggest a higher level of risk that the applicant may not satisfactorily fulfill his/her lease obligations," and the inclusion of an eviction based on such circumstances, given defendant's stated reason for such inclusion, is a false and misleading representation.

35. On information and belief, defendant's report on plaintiff was prepared according to defendant's normal practices and procedures for preparing reports on individuals.

36. On information and belief, defendant regularly reports eviction cases relating to individuals without regard to whether the individual defaulted, or even was alleged to have defaulted, on any obligation under a lease.

37. Defendant negligently or willfully violated 15 U.S.C. §1681n and/or §1681o.

38. Section 1681n provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)**

**(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**

**(2) such amount of punitive damages as the court may allow; and**

**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's**

    **fees as determined by the court. . . .**

39. Section 1681o provides:

> **§1681o. Civil liability for negligent noncompliance**
>
> **(a) In general. Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of--**
>
> > **(1) any actual damages sustained by the consumer as a result of the failure;**
> >
> > **(2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.**

## CLASS ALLEGATIONS

40. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), plaintiff brings this action on behalf of a class.

41. The class consists of (a) all natural persons (b) who were the subject of a consumer report prepared or provided by defendant (c) on or after a date two years prior to the filing of this action, (d) which report noted the existence of an eviction (e) where the person who was the subject of the report was not alleged to have violated any obligation under a lease (f) without specific disclosure of that fact.

42. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 40 members of the class.

43. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's practices violate the standard of maximum possible accuracy.

44. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

45. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and class action cases.

46. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many consumers may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendant for:

    (1)    Statutory damages;

    (2)    Punitive damages;

    (3)    Actual damages;

    (4)    Attorney's fees, litigation expenses and costs of suit;

    (5)    Such other or further relief as the Court deems proper.

s/Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tara L. Goodwin
Rupali R. Shah
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603-3593
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## JURY DEMAND

Plaintiff demands trial by jury.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                              s/Daniel A. Edelman
                                              Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)