**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JASMINE TAYLOR, on behalf of herself and a class, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 13 C 02886<br>)<br>) Judge John J. Tharp, Jr. |
| SCREENING REPORTS, INC., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jasmine Taylor ("Taylor"), individually and on behalf a class, brings this action against Screening Reports, Inc. ("SRI") for negligently or willfully violating § 1681e(b) of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. Taylor alleges that SRI created a background report that contained inaccurate information about an eviction case filed against her, and that this report led a leasing company to deny Taylor's application to rent an apartment. Before the Court is SRI's motion to dismiss the Second Amended Complaint (the "Complaint" or "SAC") for failure to state a claim. Dkt. 49. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

Jasmine Taylor is an individual residing in Illinois.[1] SRI is an Illinois corporation that provides rental background screening reports for landlords and management companies to use

---

[1] In reviewing a motion to dismiss, the Court may consider: (1) the complaint and any documents attached to it, (2) documents attached to the motion to dismiss that are critical to the complaint and referred to in it, (3) additional facts set forth in the response to the motion or in any documents attached to the response, as long as those additional facts are consistent with the allegations in the complaint, and (4) information that is subject to proper judicial notice (such as public records). *Geinosky v. City of Chi.*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Rosenblum v.*

when evaluating potential apartment tenants; SRI provides 800,000 such reports nationally each year. The reports are customized for clients' specific needs and can include information such as employment verification, consumer credit reports, and eviction reports. Notably, SRI's eviction reports list all eviction cases that were filed against the report subject, not just those cases which resulted in a judgment of eviction. When preparing a report on an eviction case, SRI typically does not review the court records or perform any other investigation to determine whether there has been a disposition of eviction or when any such disposition occurred. Instead, SRI's standard practice is to report a disposition of eviction as occurring on the date each eviction case was filed, regardless of the actual status or timeline of the case. Further, even when an eviction case against the report subject is clearly related to a foreclosure action against another party, SRI does not include any indication of that fact in its report. *See* SAC, Dkt. 44-1, ¶¶ 10, 13, 32, 39, 57, 58.

Taylor lived at 7750 S. Saginaw Avenue in Chicago, Illinois (the "Saginaw property"), until approximately 2004. Bank of America filed a foreclosure action for the property in 2009 and ultimately obtained a judgment of foreclosure against the property owners, Henry and Della Walton, in 2011. On December 20, 2012, although the Saginaw property was then vacant and Taylor had not lived there since 2004, Bank of America filed an eviction complaint which falsely alleged that Taylor was residing on the premises.[2] The Circuit Court of Cook County authorized service by publication after attempts at personal service were unsuccessful; Taylor did not receive actual notice of the complaint. On February 14, 2013, after Taylor failed to appear for the eviction trial which had been set for 9:30 a.m. that morning, the court entered an order of

---

*Travelbyus.com Ltd.*, 299 F.3d 657, 661 (7th Cir. 2002). When considering these materials, the Court accepts the plaintiff's factual allegations as true and construes all reasonable inferences in favor of the plaintiff. *Gessert v. United States*, 703 F.3d 1028, 1033 (7th Cir. 2013). The factual background is therefore summarized with this standard in mind and drawn primarily from the Complaint (Dkt. 44-1).

[2] The eviction complaint was filed against Taylor as well as "Unknown Occupants."

possession granting Bank of America the right to evict Taylor from the property.[3] *See* SAC, Dkt. 44-1, ¶ 23; Ex. C to SAC, Dkt. 44-1, at 27; Ex. D to SAC, Dkt. 44-1, at 34; Ex. E to SAC, Dkt. 44-1, at 38. Pursuant to an Illinois statute,[4] the eviction case was immediately sealed after entry of the order of possession.[5] *See* SAC, Dkt. 44-1, ¶¶ 23, 25; Resp., Dkt. 52, at 5.

While the eviction case against her was pending, Taylor applied to rent an apartment from Boggs Management, which then requested a rental background report on Taylor from SRI. Boggs Management requested that the report include a recommendation as to whether Taylor's application should be denied based on over a dozen factors, including the existence of any eviction cases filed against her within the past 84 months. *See* SAC, Dkt. 44-1, ¶ 38; Ex. F to SAC, Dkt. 44-1, at 41. SRI prepared the requested report in accordance with its standard practices and issued the finalized report at 10:10 a.m. on February 14, 2013, the same day that Taylor's eviction from the Saginaw property was authorized and the eviction case against her was sealed. *See* SAC, Dkt. 44-1, ¶¶ 25, 57.[6] SRI did not have actual notice of the fact that the

---

[3] It is unknown whether the court made an oral ruling authorizing eviction during any in-court discussion of the case on the morning of February 14, 2013.

[4] The statute states that the court records for certain eviction cases "shall be ordered sealed and shall not be disclosed to any person, other than a law enforcement officer or any other representative of a governmental entity, except upon further order of the court." 735 ILCS 5/15-1701(h)(5) (effective July 2, 2010).

[5] Although it took at least a few days for the electronic case summary on the Circuit Court of Cook County Clerk's website to reflect the case activity that occurred on February 14, 2013, *see* SAC, Dkt. 44-1, ¶ 31; Ex. G to SAC, Dkt. 44-1, at 44-46, that electronic summary "is not an official record of the Court or the Clerk." Ex. G to SAC, Dkt. 44-1, at 46.

[6] The precise time at which the court entered its written order of possession (or made an oral ruling to the same effect) is unknown. One sentence in the Complaint states that the eviction order was entered "[a]t the same date and time" that SRI's report was issued. SAC, Dkt. 44-1, ¶ 25. Elsewhere, however, the Complaint makes clear that only the date of the eviction order is known and that the exact time at which the order was entered on that date is unknown. *See* SAC, Dkt. 44-1, ¶ 30; *see also* Resp., Dkt. 52, at 5 (stating that the order was entered "[a]t some time on February 14, 2013 after 9:30 a.m.").

court had authorized the eviction when it issued its report. *See* SAC, Dkt. 44-1, ¶¶ 30, 32, 36; Resp., Dkt. 52, at 5.

In its report, SRI recommended that Boggs Management deny Taylor's application because: (1) she failed one of the credit score criteria, and (2) she had an eviction case filed against her within the previous 84 months. *See* Ex. F to SAC, Dkt. 44-1, at 40-42; *see also* SAC, Dkt. 44-1, ¶ 38. The eviction section of the report consisted of two rows containing a total of six items of information about the eviction case. The items in the first row were labeled "Plaintiff," "County," and "Date"; the items in the second row were labeled "Disposition," "Address," and "Case Number." The report listed "12/20/2012" as the date entry and "EVICTION" as the disposition entry. After receiving SRI's report, Boggs Management rejected Taylor's application to rent an apartment. Ex. F to SAC, Dkt. 44-1, at 42.

Taylor subsequently sued SRI on behalf of herself and a class, alleging that SRI had violated § 1681e(b) of the FCRA by failing to employ reasonable procedures in preparing its reports and producing inaccurate reports as a rule of its deficient procedures.[7] Specifically, the Complaint asserts that SRI's report on Taylor contained inaccurate information about her eviction case and that as a result of those inaccuracies: (1) Taylor's rental application was rejected and she was unable to rent the apartment she desired, (2) Taylor had to spend time and money looking for another apartment, (3) Taylor had to spend time and money "dealing with" SRI's report, and (4) Taylor suffered embarrassment and humiliation. SAC, Dkt. 44-1, ¶¶ 47-49.

## ANALYSIS

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must 'state a claim to relief that is plausible on its face.'" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir.

---

[7] Jurisdiction is proper pursuant to 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557).

The FCRA requires that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). A reporting agency that negligently violates § 1681e(b) is liable for any actual damages caused by inaccurate information in such a report. *See id.* § 1681o(a). A reporting agency that willfully violates § 1681e(b) is liable for either actual damages or statutory damages, as well as any punitive damages authorized by the court. *See id.* § 1681n(a). In the case of a successful action to enforce liability for actual, statutory, or punitive damages, attorney's fees and costs are also recoverable. *See id.* § 1681o(a)(2); *id.* § 1681n(a)(3). *See generally United States v. Bormes*, 133 S. Ct. 12, 15 (2012) (explaining liability for willfully or negligently violating the FCRA).

To state a claim that a reporting company negligently violated § 1681e(b), a plaintiff must sufficiently allege that: (1) the company prepared a report that contained inaccurate information, (2) the inaccuracy was due to the company's negligent failure to follow reasonable procedures to assure maximum possible accuracy, (3) the plaintiff suffered actual damages, and (4) those damages were caused by the inaccurate information in the report. *See* 15 U.S.C.

§ 1681e(b); *id.* § 1681o(a); *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 607-08 (7th Cir. 2005); *Sarver v. Experian Info. Solutions*, 390 F.3d 969, 971-72 (7th Cir. 2004); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 663-64 (7th Cir. 2001); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284-85 (7th Cir. 1994); *see also Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010). To state a claim that a reporting company willfully violated § 1681e(b), a plaintiff must sufficiently allege that: (1) the company prepared a report that contained inaccurate information, and (2) the inaccuracy was due to the company's willful failure to follow reasonable procedures to assure maximum possible accuracy. *See* 15 U.S.C. § 1681e(b); *id.* § 1681n(a); *Sarver*, 390 F.3d at 971-72; *Henson*, 29 F.3d at 284-85.[8]

In its motion to dismiss, SRI argues that Taylor has failed to state a claim for either a negligent or willful violation of § 1681e(b) because she has not adequately alleged that SRI's report was inaccurate. SRI further argues that even if Taylor's allegations about inaccuracy are adequate, the allegations regarding causation of actual damages are insufficient to state a claim for negligently violating § 1681e(b) and the allegations regarding willfulness are insufficient to state a claim for willfully violating § 1681e(b). *See* Mtn., Dkt. 49, at 2-3. In response, Taylor argues that both materially misleading reports and technically inaccurate reports qualify as inaccurate for the purposes of a § 1681e(b) claim, and that the Complaint adequately alleges that SRI's report was materially misleading or technically inaccurate. Resp., Dkt. 52, at 7-11. Taylor also contends that the Complaint adequately alleges that her rental application was denied and that she suffered other damages as a result of the inaccurate report. Resp., Dkt. 52, at 11-12.

---

[8] Although actual damages are not a required element of a willful FCRA claim, to recover actual (rather than statutory) damages for such a claim, a plaintiff must show that the inaccuracy caused actual damages. *See Crabill*, 259 F.3d at 664.

Finally, Taylor argues that the willfulness allegations in the Complaint are sufficient to survive a motion to dismiss. Resp., Dkt. 52, at 12-13.

   I.   **Inaccuracy**

To state a claim for either negligent or willful noncompliance with § 1681e(b), a plaintiff must sufficiently allege, *inter alia*, that the report in question was inaccurate. *See* 15 U.S.C. § 1681e(b); *id.* § 1681n(a); *id.* § 1681o(a); *Sarver*, 390 F.3d at 971-72; *Henson*, 29 F.3d at 284-85. Although a technically inaccurate report clearly qualifies as inaccurate in this context, the Seventh Circuit has yet to decide whether a defendant can be liable under § 1681e(b) for a technically accurate but misleading report. *See Crabill*, 259 F.3d at 663-64; *Henson*, 29 F.3d at 285 n. 4.[9] Several other courts of appeals, however, have held that a technically accurate report can qualify as inaccurate for purposes of § 1681e(b) if it is sufficiently misleading. *See Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001) (holding that a report can be inaccurate for purposes of § 1681e(b) if it is misleading to the point that it is likely to have an adverse effect); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 895 (5th Cir. 1998) ("A credit entry may be 'inaccurate' within the meaning of the statute . . . [if] it is misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions."); *Koropoulos v. Credit Bureau, Inc.*, 734 F.2d 37, 40 (D.C. Cir. 1984) (stating that a § 1681e(b) claim can be based on a technically accurate report if report is sufficiently misleading); *cf. Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014) (suggesting that misleading

---

[9] A recent unpublished Seventh Circuit opinion suggested that misleading information could qualify as inaccurate for purposes of § 1681e(b). *See Johnson v. Trans Union, LLC*, 524 F. App'x 268, 270 (7th Cir. 2013) (unpublished) ("Johnson must prove that something in his credit report was inaccurate, or at least misleading [to succeed on a § 1681e(b) claim.]").

7

information can qualify as inaccurate for purposes of the FCRA generally); *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (same).[10]

When analyzing this issue in *Koropoulos*, the D.C. Circuit noted that § 1681e(b) requires reasonable procedures to assure "maximum accuracy" and that the FCRA's stated purpose is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer." 15 U.S.C. § 1681(b); *see Koropoulos*, 734 F.2d at 40. The D.C. Circuit reasoned that a report that is technically correct but nonetheless misleading is not maximally accurate or fair to the report subject. *Koropoulos*, 734 F.2d at 40.

The reasoning of *Koropoulos* is persuasive; in light of the text of § 1681e(b) and the FCRA's concern for fairness to consumers, a defendant can be liable under § 1681e(b) for a technically accurate but materially misleading report. *Cf. Sutherland v. Urban P'ship Bank*, No. 11 CV 03455, 2012 WL 567787, at *3 (N.D. Ill. Feb. 21, 2012) (applying the interpretation of "inaccurate" set forth in *Koropoulos* and other cases in analyzing an FCRA claim); *Curtis*, 2002

---

[10] A number of other circuits have not yet decided whether a technically accurate but misleading report can qualify as inaccurate for purposes of § 1681e(b). *See, e.g.*, *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 827 n.2 (8th Cir. 2013) (stating that there is no binding Eighth Circuit precedent on the question); *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 826 n.3 (11th Cir. 2009) (unpublished) (noting that the Eleventh Circuit has not yet decided the question); *Elsady v. Rapid Global Bus. Solutions, Inc.*, No. 09-11659, 2010 WL 2740154, at *7 (E.D. Mich. July 12, 2010) (observing that there is no binding Sixth Circuit precedent on the question). The handful of Northern District of Illinois opinions faced with this issue have treated misleading information as capable of qualifying as inaccurate for purposes of a § 1681e(b) claim. *See Curtis v. Trans Union, LLC*, Nos. 02 C 207 & 02 C 208, 2002 WL 31748838, at *3-4 (N.D. Ill. Dec. 9, 2002) (accepting plaintiffs' argument that report was misleading and thus inaccurate for purposes of § 1681e(b) claim, but granting summary judgment in favor of defendant because defendant had followed reasonable procedures); *Fomusa v. Energy Sharing Res., Inc.*, No. 96 C 50410, 1999 WL 436596, at *3-4 (N.D. Ill. June 28, 1999) (granting summary judgment to defendant on § 1681e(b) claim because defendant had followed reasonable procedures and report was not sufficiently misleading to qualify as inaccurate); *see also Shames-Yeakel v. Citizens Fin. Bank*, 677 F. Supp. 2d 994, 1004-05 & n.13 (N.D. Ill. 2009) (suggesting that misleading information can qualify as inaccurate for purposes of both § 1681e(b) and § 1681s-2(b)).

WL 31748838, at *4-5 (applying *Koropoulos*' interpretation of "inaccurate" in analyzing an FCRA claim). *See generally Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007) (noting that the FCRA was enacted to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy"). Therefore, a plaintiff can adequately allege the inaccuracy element of a § 1681e(b) claim by pleading facts plausibly suggesting either that the report at issue was technically inaccurate or that it was sufficiently misleading to qualify as inaccurate.[11]

Here, the Complaint alleges: (1) that the report was misleading because it failed to clearly indicate what event occurred on December 20, 2012, and thus could be read as stating that the disposition of the eviction case occurred on that date; (2) that the report was misleading because it failed to indicate that the eviction case was connected to a foreclosure against another party; and (3) that the report was technically inaccurate or misleading because it listed information about an eviction case that had been sealed. *See* SAC, Dkt. 44-1, ¶¶ 52-54; Resp., Dkt. 52, at 6.

Taylor has adequately alleged inaccuracy with respect to the date listed for the eviction case, since the Complaint alleges that the eviction case was filed on December 20, 2012, that the case was disposed of on February 14, 2013, and that SRI's report—which included a "Disposition" entry and a "Date" entry for the eviction case—could be read as stating that the disposition of the case occurred on December 20, 2012. *Cf. Koropoulos*, 734 F.2d at 38, 40-42 (finding a genuine issue of fact as to whether report was sufficiently misleading to qualify as inaccurate for purposes of § 1681e(b), where report could be read as indicating that bank wrote

---

[11] Whether technically accurate information is in fact sufficiently misleading to qualify as inaccurate for purposes of the FCRA is generally a question to be decided at trial. *See Seamans*, 744 F.3d at 865 (3d Cir. 2014) (citing *Gorman*, 584 F.3d at 1163); *Dalton*, 257 F.3d at 415; *Koropoulos*, 734 F.2d at 42.

off plaintiff's loan as a total loss, when plaintiff had in fact paid the loan in full).[12]

The Complaint does not, however, adequately allege inaccuracy with respect to the failure to indicate that the eviction case was connected to a foreclosure against another party. Taylor argues that, due to the absence of such an indication, the report gave the misleading impression that the eviction case was relevant to the question of Taylor's desirability as a tenant. But this is not the type of misleading omission that has been found sufficient to fulfill the inaccuracy element of a § 1681e(b) claim. Although a report may be found to be inaccurate for § 1681e(b) purposes if it fails to include clarifying information about an entry that is ambiguous, failure to explain the significance of an accurate report entry—which is the alleged deficiency at issue here[13]—is not sufficient to make a report inaccurate. *Compare Pinner v. Schmidt*, 805 F.2d 1258, 1262-63 (5th Cir. 1986) (upholding jury finding that defendant violated § 1681e(b), where report indicated that consumer was involved in litigation over a disputed debt but failed to clarify that he was the plaintiff rather than the defendant in the action), *with Childress v. Experian Info. Solutions, Inc.*, --- F.3d ---, 2015 WL 3863178, at *2 (7th Cir. June 23, 2015) (stating that failure to indicate that bankruptcy case reported as "dismissed" had been dismissed at plaintiff's request, rather than following a substantive review, did not make report inaccurate for § 1681e(b)

---

[12] SRI argues that the excerpt of the report attached to the Complaint shows that the date entry "was a separate piece of information, in no way related" to the disposition entry. Mtn., Dkt. 49, at 4. SRI contends that the allegations about the date entry in the Complaint are thus contradicted by the exhibit and should be disregarded. *See generally Abcarian v. McDonald*, 617 F.3d 931, 933 n.1 (7th Cir. 2010) (citing *N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 454-55 (7th Cir. 1998)). The exhibit, however, does not clearly contradict the allegation that the report can be read to suggest that the disposition of the case occurred on December 20, 2012. Although the date entry appears on the right side of the first row in the eviction section of the report and the disposition entry appears on the left side of the second row, Ex. F to SAC, Dkt. 44-1, at 42, it is at least plausible that a reader would interpret the date entry on the report to relate to the disposition entry.

[13] SRI's report accurately indicated that an eviction case had been filed against Taylor and had resulted in a "disposition" of "eviction." Taylor does not allege otherwise, but instead contends that the report should have explained the eviction case's lack of significance.

purposes),[14] *and Sepulvado*, 158 F.3d at 896 (finding that failure to provide details about origins of accurately reported debt did not make report misleading for purposes of § 1681e(b) claim). Since Taylor does not contend that including an indication that the eviction case was connected to a foreclosure against another party would resolve any facial ambiguity or inaccuracy in the report, she has not adequately alleged that the failure to include this information makes the report inaccurate for purposes of § 1681e(b).

That leaves for consideration the assertion that the report was misleading or technically inaccurate because listed information about a sealed case. Although the Complaint contains the conclusory statement that "it was not proper or maximally . . . accurate" to list a sealed eviction case in the report, SAC, Dkt. 44-1, ¶ 34, the Complaint does not identify any way in which the act of sealing the court record made information in SRI's report technically inaccurate or misleading. Instead, the Complaint alleges that once the court record for the eviction case was sealed, it would not have been possible for SRI to gain access to the record without a court order. SAC, Dkt. 44-1, ¶¶ 30, 37. Whether SRI consulted the actual court record before issuing its report is potentially relevant to the question of the reasonableness of SRI's report preparation procedures, *see Henson*, 29 F.3d at 284-86, but it is not relevant to the preliminary question of whether the report contained information that was technically inaccurate or misleading. Since the Complaint does not identify anything in the report that was inaccurate for purposes of § 1681e(b) because the eviction case had been sealed, Taylor has not sufficiently alleged a § 1681e(b) claim premised on the fact that the report may have included information about a sealed case.

---

[14] In *Childress*, the Seventh Circuit further explained that consumer reporting agencies are not required to engage in the type of in-depth investigation that would be necessary to make a consumer report "fully precise" rather than merely accurate. --- F.3d ---, 2015 WL 3863178, at *2; *cf. Henson*, 29 F.3d at 285-86 (holding that credit reporting agencies are not required to go beyond the face of court records to ascertain their accuracy).

11

Accordingly, Taylor has adequately alleged one inaccuracy: the ambiguity regarding the date listed for the eviction case. To the extent the Complaint attempts to allege additional inaccuracies, however, those inaccuracies are not sufficiently alleged.

## II. Damages Causation

To state a claim for negligent noncompliance with § 1681e(b), a plaintiff must adequately allege, *inter alia*, that inaccurate information in the defendant's report caused the plaintiff actual damages. *See* 15 U.S.C. § 1681e(b); *id.* § 1681o(a); *Ruffin-Thompkins*, 422 F.3d at 607-08; *Sarver*, 390 F.3d at 971-72; *Crabill*, 259 F.3d at 664; *Henson*, 29 F.3d at 284-85. Here, Taylor has broadly alleged that as a result of inaccuracies in SRI's report: (1) Taylor's rental application was rejected and she was unable to rent the apartment she desired, (2) Taylor had to spend time and money looking for another apartment, (3) Taylor had to spend time and money "dealing with" SRI's report, and (4) Taylor suffered embarrassment and humiliation. SRI argues that Taylor has not adequately alleged that the purported inaccuracies, rather than correct adverse information in the report, caused the actual damages Taylor asserts. *See* Mtn., Dkt. 49, at 2, 6-7.

Given that Taylor has adequately alleged just one inaccuracy—the date ambiguity—the Court need only consider the sufficiency of the causation allegations with respect to that inaccuracy. Put simply, the Complaint does not plead facts plausibly suggesting that the date entry in the report—which could be read as indicating that the disposition of the case occurred approximately two months earlier than it in fact occurred—was a substantial factor that led Boggs Management to reject Taylor's rental application or caused the other asserted actual damages. *Cf. Ruffin-Thompkins v. Experian Info. Sys., Inc.*, No. 03 C 683, 2003 WL 25719228, at *5 (N.D. Ill. Dec. 31, 2003) (noting that at the summary judgment stage, a plaintiff "must produce evidence from which a reasonable trier of fact could infer that the inaccuracy in her

12

credit report was a substantial factor that brought about damages." (citing *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968 (3d Cir. 1996)), *aff'd*, 422 F.3d 603 (7th Cir. 2005). To the contrary, the gist of the Complaint is that SRI should not have reported the eviction case at all, or at a minimum should have included an explanation that the case did not reflect her failure to pay a debt. There is not a hint of an allegation that Taylor's application would have been accepted had SRI's report clearly indicated that the filing of the eviction case, rather than its disposition, occurred on December 20, 2012. It is not remotely plausible that the date ambiguity itself—as distinguished from the report of the eviction case—caused Taylor any actual damages. *See generally Adams*, 742 F.3d at 728.

Accordingly, Taylor has not adequately alleged damages causation and the Complaint fails to state a claim against SRI for negligently violating § 1681e(b).

### III. Willfulness

The failure to plausibly allege that the date ambiguity caused actual damages, however, does not dispose of Taylor's willful § 1681e(b) claim, because statutory damages are available as an alternative to actual damages for willful FCRA violations. To state a claim for willful noncompliance with § 1681e(b), a plaintiff must sufficiently allege, *inter alia*, that the claimed inaccuracy was due to the defendant's willful failure to comply with § 1681e(b)'s reasonable procedures requirement. *See* 15 U.S.C. § 1681e(b); *id.* § 1681n(a); *Sarver*, 390 F.3d at 971-72; *Henson*, 29 F.3d at 284-85. SRI's argument that the Complaint does not do so is unconvincing.

Willfulness may be established by showing that the defendant knew that its actions violated an FCRA requirement or acted in reckless disregard as to whether its actions violated an FCRA requirement. *See Safeco*, 551 U.S. at 56-57 (2007); *see also Avila v. NOW Health Group, Inc.*, No. 14 C 1551, 2014 WL 3537825, at *3 (N.D. Ill. July 17, 2014) ("[A] knowing or

reckless violation of the FCRA . . . [is] required for a finding of willfulness."). A defendant acts in reckless disregard of an FCRA requirement when its conduct is a violation under a reasonable reading of the FCRA and the defendant's unreasonable reading creates a risk of violating the law that is substantially greater than the risk associated with a merely negligent reading. *See Safeco*, 551 U.S. at 69; *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719, 726 (7th Cir. 2008). Thus, to either knowingly or recklessly violate an FCRA requirement, a defendant must have been aware of the requirement at the time of the challenged conduct.

Here, the Complaint alleges that SRI is a national provider of background reports, that SRI issues 800,000 reports annually, that SRI prepared the report on Taylor in accordance with its normal procedures, and that the report about Taylor contained inaccurate information as a result of SRI's deficient procedures. This is sufficient factual content to allow the Court to draw the reasonable inference that SRI was aware of § 1681e(b)'s requirement to employ "reasonable procedures to assure maximum possible accuracy" and knowingly or recklessly violated that requirement by issuing a report that could be read as inaccurately stating that an eviction order had been entered against Taylor in December 2012. *Cf. Avila*, 2014 WL 3537825, at *3 (finding willfulness adequately alleged where complaint asserted, *inter alia*, that defendant was in the business of generating consumer reports and had a policy of reporting information in its reports in violation of the FCRA); *Solimen v. Morton Coll.*, No. 13 C 1962, 2013 WL 4805004, at *3 (N.D. Ill. Sept. 9, 2013) ("Plaintiff's allegation that defendant 'uniformly fails' to follow the prerequisites of § 1681m(a) plausibly suggest[s] recklessness."); *Romano v. Active Network Inc.*, No. 09 C 1905, 2009 WL 2916838, at *3 (N.D. Ill. Sept. 3, 2009) (finding allegations that defendant repeatedly violated clear FCRA restrictions in transactions with plaintiff and others sufficient to allege a willful violation); *Robins v. Spokeo, Inc.*, 742 F.3d 409, 412 n.1 (9th Cir.

2014) ("The facts that Robins pled make it plausible that Spokeo acted in reckless disregard of duties created by the FCRA. Robins pled, among other things, that Spokeo knew about inaccuracies in its reports and marketed its reports for purposes covered by the FCRA . . . ."), *cert. granted*, 135 S. Ct. 1892 (2015) (No. 13-1339).

The Complaint thus sufficiently alleges that SRI willfully failed to comply with § 1681e(b). Since the date inaccuracy allegation in the Complaint is also sufficiently alleged and actual damages need not be alleged for willful FCRA claims, and since SRI has not challenged any other aspect of Taylor's willful § 1681e(b) claim, Taylor has adequately stated a claim against SRI for willfully violating § 1681e(b).

\*   \*   \*

For the reasons stated above, the motion to dismiss is denied in part and granted in part. The claim that SRI negligently violated § 1681e(b) is dismissed with prejudice in its entirety. The claim that SRI willfully violated § 1681e(b) survives to the extent that it is premised on the alleged date inaccuracy, and is dismissed with prejudice in all other respects.[15] Taylor may not recover actual damages, but her claim for statutory and punitive damages may go forward.

*[signature: John J. Tharp Jr.]*

Date: July 2, 2015

John J. Tharp, Jr.
United States District Judge

---

[15] The dismissals are with prejudice since Taylor has already had two opportunities to replead her claims. *Cf. Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 347-48 (7th Cir. 2012) (affirming dismissal with prejudice where plaintiffs had two opportunities to replead); *Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1322-23 (7th Cir. 1998) ("[T]he plaintiff has had three chances over the course of three years to state a claim and the district judge was not required to give her another chance.").